## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory Voigt and Stephanie Voigt, | Civil No.: _____ |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Monarch Recovery Management, Inc., and Sam Mallory, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Minnesota's Automatic Dialing-Announcing Devices statute, Minn. Stat. 325E.26-31, and out of the invasions of Plaintiffs' personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.     Plaintiff Gregory Voigt is a natural person who resides in the City of Long

Lake, County of Hennepin, State of Minnesota, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§

1692k(a).

5.     Plaintiff Stephanie Voigt is a natural person who resides in the City of Long

Lake, County of Hennepin, State of Minnesota, and is a "consumer" as that

term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§

1692k(a).

6.     Defendant Monarch Recovery Management, Inc. (hereinafter "Defendant

MRM") is a collection agency operating from an address of 10965 Decatur

Road, Philadelphia, PA 19154-3210 with a Minnesota agent of process of CT

Corporation System, Inc., 100 South 5th Street, #1075, Minneapolis, MN

55402 and is a "debt collector" as that term is defined by 15 U.S.C. §

1692a(6).

7.     Defendant Sam Mallory (hereinafter "Defendant Mallory") is a natural person

who was employed at all times relevant herein by Defendant MRM as a

collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.   In or before 2012, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal consumer credit debt with JC Penny through GE Capital Retail Bank, in the approximate amount of $1,159.11.

9.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

### *Illegal Collection Letter*

10.   On or about January 26, 2012, Defendant MRM's collector, Defendant Mallory, contacted Plaintiffs by letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.   Defendant Mallory identified himself as a debt collector at extension 2413.

12.   Defendant Mallory or an alias named Sam Mallory is not listed as a debt collector licensed by Minnesota Department of Commerce as working for Defendant MRM.

13.   Employing a false name in collecting a consumer debt is a false and deceptive practice.

14.   All of the above-described collection communication made to Plaintiff by Defendant Mallory employed by Defendant MRM, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692f, amongst others.

### *First Illegal Collection Call & Message*

15.   In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.   Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

17.   This message was placed on Plaintiffs' family answering machine at 7:58 A.M. on a Saturday morning.

18.   During this message, Defendants identified themselves as debt collectors calling to collect a debt.

19. Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

20. All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Second Illegal Collection Message*

21. In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

23. This message was placed on Plaintiffs' family answering machine at 5:56 P.M. on a Thursday afternoon.

24. During this message, Defendants identified themselves as debt collectors calling to collect a debt.

25. Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

26. All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Third Illegal Collection Call & Message*

27. In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28. Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

29. This message was placed on Plaintiffs' family answering machine at 8:22 A.M. on a Saturday afternoon.

30. During this message, Defendants identified themselves as debt collectors calling to collect a debt.

31.   Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

32.   All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Fourth Illegal Collection Message*

33.   In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34.   Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

35.   This message was placed on Plaintiffs' family answering machine at 4:59 P.M. on a Thursday afternoon.

36.   During this message, Defendants identified themselves as debt collectors calling to collect a debt.

37.  Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

38.  All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### Fifth Illegal Collection Message

39.  In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

40.  Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

41.  This message was placed on Plaintiffs' family answering machine at 4:42 P.M. on a Friday afternoon.

42.  During this message, Defendants identified themselves as debt collectors calling to collect a debt.

43.   Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

44.   All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Sixth Illegal Collection Call & Message*

45.   In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

46.   Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

47.   This message was placed on Plaintiffs' family answering machine at 8:11 A.M. on a Saturday afternoon.

48.   During this message, Defendants identified themselves as debt collectors calling to collect a debt.

49.   Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

50.   All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Seventh Illegal Collection Message*

51.   In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

52.   Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

53.   This message was placed on Plaintiffs' family answering machine at 6:62 P.M. on a Monday afternoon.

54.   During this message, Defendants identified themselves as debt collectors calling to collect a debt.

55. Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

56. All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Eighth Illegal Collection Message*

57. In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

58. Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

59. This message was placed on Plaintiffs' family answering machine at 7:16 P.M. on a Wednesday afternoon.

60. During this message, Defendants identified themselves as debt collectors calling to collect a debt.

61. Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

62. All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Ninth Illegal Collection Message*

63. In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

64. Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

65. This message was placed on Plaintiffs' family answering machine at 4:39 P.M. on a Friday afternoon.

66. During this message, Defendants identified themselves as debt collectors calling to collect a debt.

67.    Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

68.    All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### Tenth Illegal Collection Call & Message

69.    In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

70.    Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

71.    This message was placed on Plaintiffs' family answering machine at 8:06 A.M. on a Saturday afternoon.

72.    During this message, Defendants identified themselves as debt collectors calling to collect a debt.

73.   Plaintiffs' daughter heard this message when retrieving messages from the family answering machine thereby causing Plaintiffs embarrassment due to Defendants revelation of their indebtedness to a third-party.

74.   All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, and 1692f, amongst others.

### *Eleventh Illegal Collection Message*

75.   In or about February or March, 2012, Defendant MRM, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

76.   Defendants left a pre-recorded message using a synthesized voice on Plaintiffs' family answering machine.

77.   This message was placed on Plaintiffs' family answering machine at 9:21 A.M. on a Sunday morning.

78.   During this call, Defendant MRS, failed to provide Plaintiffs with the notices required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiffs that the calls were from a debt collector or that they were attempting to collect a debt.

79.   All of the above-described collection communications made to Plaintiffs by Defendant MRM and their collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692d, 1692e, 1692e(10), 1692e(11) and 1692f, amongst others.

### *Autodialer Violations*

80.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.   Defendants employed an "automatic dialing-announcing device" as that term is defined by Minn. Stat. § 325E.26 Subd. 2.

82.   Defendants used this device to disseminate a prerecorded or synthesized voice message to Plaintiffs telephone number.

83.   Defendant is a "caller" as that term is defined by Minn. Stat. § 325E.26 Subd. 3.

84.   Plaintiffs were a "subscriber" as that term is defined by Minn. Stat. § 325E.26 Subd. 5.

85.   At no time did Plaintiffs, as subscribers, have a current or previous personal or business relationship with Defendants.

86.   At no time to Plaintiffs, as subscribers, knowingly or voluntary request, consent, permit, or authorized the receipt of Defendants messages by automatic dialing-announcing device.

87.   At least four of these prerecorded or synthesized voice message were made prior to 9:00 A.M. in violation of Minn. Stat. § 325E.30.

88.   These illegal messages were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, and 1692f, amongst others.

### *Summary*

89.   All of the above-described collection communications made to Plaintiffs by each individual Defendant and other collection employees employed by Defendant MRM, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

90.   The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiffs' privacy by an intrusion upon seclusion.

91. Plaintiffs have suffered damages as a result of these illegal collection communications by these Defendants in the form of anger, emotional distress, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

92. Defendants' repeated disclosures of Plaintiffs' indebtedness to third parties was an invasion of her privacy and her right to financial privacy.

93. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of both Plaintiffs and caused them unnecessary personal strain in their relationship with each other, as well as with other family members.

### *Respondeat Superior Liability*

94. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant MRM who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant MRM.

95. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant MRM in collecting consumer debts.

96.   By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant MRM.

97.   Defendant MRM is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

98.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

99.   Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

100.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but

not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

101.    As a result of each Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

102.    Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

103.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

104. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

105. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

106. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully revealing the debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

107. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' rights to privacy.

108. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

109. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

110. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-ANNOUNCING DEVICES STATUTE

### MINN. STAT. § 325E.27-30

111. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of Minnesota's Automatic Dialing-Announcing Devices statute including, but not limited to, each and every one of the above-cited provisions of Minn. Stat. § 325E.27-30, with respect to Plaintiffs.

113. Plaintiffs are therefore entitled to damages and Plaintiffs' attorney's fees, and costs of investigation pursuant to Minn. Stat. § 325E.30, and § 8.31 subd. 3a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiffs;

### **COUNT II.**

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiffs;

### COUNT III.

## VIOLATIONS OF MINNESOTA'S AUTOMATIC DIALING-

## ANNOUNCING DEVICES STATUTE

## MINN. STAT. § 325E.27-30

- for an award of damages from each Defendant as a result of violations of Minn. Stat. § 325E.27-30.

- for an award of Plaintiffs' attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 325E.30 and Minn. Stat. § 8.31 Subd. 3a; and

- for such other and further relief as may be just and proper.

*Signature Block Follows*

Dated: May 2, 2012

Respectfully submitted
**BARRY, SLADE & WHEATON, LLC**

By: **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 605-2102
cwheaton@lawpoint.com

csw/ko

**Attorney for Plaintiff**

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA        )
                                   ) ss

COUNTY OF HENNEPIN       )

Pursuant to 28 U.S.C. § 1746, Plaintiff Greg Voigt, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _April_   _28_ ,   _2012_
                 Month      Day       Year

_Gregory C Voigt_
                                     Signature

## <u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Stephanie Voigt, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   _April_     _28_ , _2012_
                Month        Day        Year

_Steph Voigt_
                                        Signature